Buffalo City Bank, Appellant, *v.* Howard, impleaded, &c.,
Respondent.

A retiring partner, who conceals his withdrawal from the firm, and permits the
remaining members to contract in the old firm name, is liable to those who
give them further credit on the faith of the continuance of the partnership.

A mortgage by a debtor of the old firm, to secure those composing it against all
liabilities by reason of their antecedent or future indorsements, embraces such
liabilities as they may incur to third parties, by indorsements in the name of
the original partnership after the secret withdrawal of one of its members.

Appeal from the Superior Court of the city of Buffalo.
The suit was in the nature of a creditor's bill, founded on
a judgment recovered by the plaintiff on a $500 note against
the defendants, Parsons & Johnson, as makers, and the
defendants, C. F. S. Thomas, S. W. Lathrop and Jedediah
H. Lathrop, as indorsers.

The complaint alleged, among other things, that, previous
to the indorsement by Thomas and the two Lathrops, who
composed the firm of Thomas & Lathrops, the defendants,
Parsons & Johnson, executed, in their favor, a chattel mort-
gage, indemnifying and saving them harmless from the pay-
ment of any notes which they had indorsed, or might thereafter
indorse, for the mortgagors, or upon which they were or might
become liable as indorsers, or otherwise; that, on the 27th
of February, 1857, S. H. Thomas and S. H. Lathrop, who
then composed the firm of Thomas & Lathrop, and who
had taken possession, meantime, of the mortgaged property,
executed a fraudulent assignment to the defendant Howard for
the benefit of their preferred creditors, and that he had in
his hands sufficient of the proceeds of the mortgaged property
to satisfy the plaintiffs' judgment.

Howard alone defended. On the trial before Judge Masten,
at Special Term, judgment was rendered in his favor in
respect to the mortgaged property, on the ground that the
liability of the indorsers on the note in question was not
within the terms or intent of the bond of indemnity; and, in
respect to the remaining property of the assignors, on the

ground that, though the assignment was fraudulent, the other funds were exhausted by the prior claims of various judgment creditors, in whose favor its invalidity had previously been adjudged.

The following is the substance of the material findings of fact and conclusions of law:

Until the 3d of December, 1856, the defendants, C. F. S. Thomas, Solon H. Lathrop and Jedediah H. Lathrop, were partners in business in Buffalo, under the firm name of Thomas & Lathrops.

On that day, Jedediah sold his interest in the property and business to the other two partners, and privately withdrew from the firm, no notice of the change being given either by him or by them. The business was continued by the other two partners until their failure twelve weeks afterward, and, in the interim, they wrote the firm name, sometimes Thomas & Lathrops, and sometimes Thomas & Lathrop.

On the 3d of December, the day of this secret change in the firm, they took from Parsons & Johnson the chattel mortgage previously mentioned, indemnifying them against liability on their *future*, as well as their antecedent, indorse- ments of notes of the mortgagors.

The plaintiff had dealt with the firm of Thomas & Lathrops, and had repeatedly discounted notes of Parsons & Johnson, indorsed by them.

Neither the plaintiff nor Parsons & Johnson, who did business in the same building with Thomas & Lathrops, had notice of any change in the firm of the latter, or of the with- drawal of Jedediah from the business, down to the time of the general assignment to Howard, on the 24th of February, 1857.

On the 18th of December, Parsons & Johnson made the note in question for $500, payable to their own order two months from date, and procured the accommodation indorse- ment, upon which the plaintiff afterward recovered judgment against all the members of the original firm of Thomas & Lathrops.

At the time the indorsement was applied for and obtained, Parsons & Johnson supposed it to be the indorsement of

the firm of Thomas & Lathrops ; the plaintiff discounted the note of the makers on the faith of its being so indorsed ; and Thomas & Lathrop so wrote the indorsement as to justify Parsons & Johnson, and the officers of the bank, in so supposing, and in reading the firm name as written, " Thomas & Lathrops."

. On the 25th of April, 1857, the plaintiff recovered judgment on the note against the defendants, Parsons & Johnson, as well as Thomas and the two Lathrops. It appeared, by the record, that the three defendants last named were adjudged to be indorsers of the note, under the firm name of Thomas & Lathrops. The judgment was by default, and process was not served on the defendant, Jedediah H. Lathrop, but he was charged as partner and joint debtor with Thomas and S. H. Lathrop, the other members of the firm of Thomas & Lathrops.

The assignment of Thomas & Lathrop to Howard, made on the 24th of February, 1857, embraced enough of the mortgaged property to pay this judgment; the same having been delivered over by Parsons & Johnson, on the 12th of January, while this indorsement was outstanding, for the purpose of indemnifying the mortgagees, in accordance with the purpose of the instrument; and the defendant Howard had enough of the proceeds thereof in his hands to pay the judgment.

The assignment was fraudulent, upon its face, and had been so adjudged in favor of other creditors, whose claims were sufficient to exhaust the proceeds of the assignor's property, other than that embraced in the chattel mortgage.

The judge was of opinion that the debt, on which the plaintiff's judgment was recovered, was not secured by the mortgage; that the withdrawal of Jedediah from the firm precluded any subsequent joint liability by indorsement, or, if such joint liability was incurred, it was not contemplated or provided for in the mortgage, and there was, therefore, no equity entitling the plaintiff to subrogation.

The judgment was affirmed, on appeal, no opinion being delivered, either at the Special or the General Term.

*F. E. Cornwell*, for the appellant.

*John Ganson*, for the respondent.

PORTER, J. Thomas and the two Lathrops were jointly liable to the plaintiff, as indorser of the note of Parsons & Johnson. It was so adjudged in the action brought by the bank against all the parties to the note; and though the form of the proceedings was not such as to estop the appellant, who claims, under two of those parties, such joint liability is a necessary legal conclusion from the facts found by the judge. Down to the 3d of December, 1856, they were members of the firm of Thomas & Lathrops. They had dealt as such with Parsons & Johnson, by whom the note was made, and with the plaintiff, by whom it was discounted. In respect to them, so far as they acted on the faith of the continuance of the firm, the relation between its members must be deemed to have continued until notice was given of its dissolution. The indorsement of Thomas & Lathrops was that for which the makers applied. They had given security to the members of that firm for future indorsements. The indorsement was made in their known partnership name, and the note was discounted on the faith of their joint liability. The retiring partner chose not to make known his withdrawal from the firm. The associates, who purchased his interest, continued to use the old partnership name, and, on the day of the secret dissolution, the members of the old firm took from Parsons & Johnson a chattel mortgage, to save them harmless, among other things, from indorsements to be made for them thereafter by Thomas & Lathrops. Fifteen days afterward this indorsement was made. Twenty-five days later, and while the note was outstanding, the mortgaged property was delivered up by the makers to the indorsers; and it was not until the following month, when Thomas & Lathrop assigned it, with their other property, to Howard, that either the plaintiff or Parsons & Johnson were advised of the withdrawal of Jedédiah H. Lathrop from the firm. Upon this state of facts it is clear that the three mortgagees were jointly liable, as indorsers, on the note made by the mortgagors and

discounted at the plaintiff's bank. (*Vernon* v. *Manhattan Co.*, 22 Wend., 183; *Davis* v. *Allen*, 3 Comst., 168; *City Bank of Brooklyn* v. *McChesney*, 20 N. Y., 240.)

If the mortgagees had paid the judgment recovered against them by the plaintiff, they would have been entitled to reimbursement from the proceeds of the property embraced in the mortgage. By the terms of the instrument they were to be saved harmless "from the payment of any and all drafts, bills of exchange and promissory notes, which they have, or may at any time hereafter, indorse for the said party of the first part, or upon which they have or may become liable as makers, acceptors, indorsers or otherwise." It is manifest from the surrounding circumstances that such was the intent of the parties. The security was given by Parsons & Johnson as an inducement to Thomas' & Lathrops to give them *further credit, and to make further indorsements.* Both parties contemplated the continuance of such indorsements. Thomas and the Lathrops knew what the mortgagors did not, of the concurrent arrangement between themselves, by which the other two partners acquired the interest of Jedediah in the business; but they also knew that, so long as they chose to keep that arrangement secret, they would all be bound by indorsements for Parsons & Johnson in the name of the firm, and they, therefore, required indemnity against such liability. The acts of both parties were in accordance with this view. Fifteen days afterward the mortgagors applied for and obtained an indorsement in the firm name of the mortgagees. Before the note matured they surrendered the mortgaged property. The plaintiff afterward recovered judgment against Thomas and the two Lathrops, in an action alleging their joint liability. It is denied by none of the defendants in the present action, except the appellant, who claims to hold the property under two of the mortgagees, but insists that the parties from whom he received it had no security upon it for their indorsements. In this view we cannot concur. We think the liability created by the indorsement, and fixed by the judgment, is within the plain intent, as well as the express terms, of the mortgage. (*Hill*

v. *Packard*, 5 Wend., 375; *Staats* v. *Howlet*, 4 Denio, 559; *Hoffman* v. *Ætna Ins. Co.*, 32 N. Y., 405.)

The plaintiff is entitled in equity to subrogation, and, as the judgment is against the mortgagees as well as the mortgagors, the claim of the bank against the fund is entitled to preference over that of the mortgagees. (*Bank of Auburn* v. *Throop*, 18 Johns., 505; *Ten Eyck* v. *Holmes*, 3 Sand. Ch., 428; *Curtis* v. *Tyler*, 9 Paige, 432.)

The judgment should be reversed and a new trial ordered.

All the judges concurring,

Judgment accordingly.