EVENS & HOWARD FIRE BRICK COMPANY, Respondent, vs. HADFIELD, Appellant.

*September 1 — September 22, 1896.*

*Partnership: Estoppel: Evidence: Waiver of objection: Ostensible partner: Joint or several judgment? Defect of parties: Waiver.*

1. Evidence to show an estoppel having been received without objection at the trial, it cannot be objected on appeal that such evidence was inadmissible because an estoppel had not been pleaded.
2. Defendant, who had carried on a business in his own name, as "Joseph H." and "J. H.," indifferently, and had dealt with plaintiff

under both names, sold out to his son's wife, Julia P. H., and her mother, and they then carried on the business, with his knowledge and without his dissent, in the name of "J. H. & Co.," and in that name ordered goods from plaintiff, who had not been notified that defendant had gone out of the business. Plaintiff shipped the goods to "Joseph H. & Co." and charged them on its books to Joseph H. In an action against the defendant alone for the price of the goods, it is *held* that he was estopped to deny that he was a member of the firm of J. H. & Co.

3. Although in such case the defendant was liable only jointly with the real partners, and, when sued alone, had the right to have them joined as defendants and to have judgment entered against all jointly, yet he waived that right by failing to plead the defect of parties in abatement.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

The action is against the defendant alone for goods sold. The defendant had carried on business at Milwaukee under the firm name "Hadfield & Co." In January, 1892, he bought the entire business, and continued it in his own name, "*Joseph Hadfield*," or by his initial, "*J. Hadfield*," indifferently, until November, 1892, when he sold out the business to Julia P. Hadfield, his son's wife, and her mother. From this time the business was carried on in the firm name of "J. Hadfield & Co.," with the defendant's son, Charles, as general manager. The plaintiff is a nonresident corporation, residing at St. Louis in the state of Missouri, and had done business with the defendant as "Hadfield & Co.," "*Joseph Hadfield*," and "*J. Hadfield.*" It received no notice that the defendant had gone out of business. In December, 1892, it received orders for goods by telegraph, followed by letters, all signed "J. Hadfield & Co." Plaintiff replied by telegraph to Joseph Hadfield & Co. It shipped the goods to Joseph Hadfield & Co. They were charged on plaintiff's books, invoiced and shipped to *Joseph Hadfield.* It does not appear that *Joseph Hadfield* had any interest in the business of J. Hadfield & Co. But it does appear that he was cognizant of the firm name in which it carried on its business, and

he had paid the plaintiff for goods previously ordered and shipped to J. Hadfield & Co. On the evidence it was held, in effect, that the defendant should be estopped to deny that he was one of the firm of J. Hadfield & Co., and judgment was given against him for the plaintiff's debt. From that judgment this appeal is taken.

For the appellant there was a brief by *Frank M. Hoyt* and *Hoyt, Ogden & Olwell*, and a supplemental brief by *Hoyt, Ogden & Olwell*, and oral argument by *L. M. Ogden.*

For the respondent there was a brief by *Elliott, Hickox & Groth*, and oral argument by *C. T. Hickox.*

NEWMAN, J. The first error claimed is that it was error to receive evidence tending to show that defendant was estopped to deny that he was one of the firm of J. Hadfield & Co., because such estoppel had not been pleaded. But it appears that this evidence was received without objection by the defendant on that ground. Not having objected on the trial, it is too late to raise the objection for the first time in this court. It must now be held to have been waived.

It is further urged that the evidence which tends to show an estoppel is insufficient to sustain the verdict. The defendant had been carrying on a business at Milwaukee under the style "*Joseph Hadfield*" and "*J. Hadfield*," indifferently. He was known to the plaintiff with whom he had dealt under both names. After sale to his son's wife and her mother, the same business was carried on at Milwaukee, with his knowledge and without his dissent, in the name of "J. Hadfield & Co.,"— the same name, with the "& Co." added. This was not the initial of any member of the firm. The firm was Julia P. Hadfield and her mother. The firm name used naturally suggested, or might suggest, that the defendant had taken one or more partners into his business, but was not calculated to suggest that the defendant had retired from the business. His name was really the explicit part of the firm's designation. It was well calculated to deceive. The

defendant should have foreseen that this use of his name was well suited to give the impression that he was the leading partner in the new firm,— at least, to those who had dealt with him as *J. Hadfield.* It was his name and initial. From identity of name, it is natural to infer identity of person. When this use of his name by his successors in the business was brought to his notice, it would seem that common prudence, not to say good faith, should have induced him to notify, at least, his former correspondents that he had retired from the business; for so he might avert peril from himself, and loss from them. For it cannot be said that the order in the new firm's name, which contained both the defendant's surname and initial as it had been used by him in the business, made in the same business in which he had previously dealt with the plaintiff, could fairly be deemed to constitute notice to the plaintiff that the defendant had retired from the business. On the contrary, the retention of his name would seem rather to indicate that he was continuing in the business as a part of the new firm. *Thayer v. Goss,* 91 Wis. 90.

It is a familiar principle that, where one of two innocent persons must suffer a loss, that one through whose fault or carelessness the occasion for loss arises must bear it. The evidence was sufficient to take the question to the jury. It seems to have been fairly submitted, and the verdict is amply sustained by the evidence.

There was a special verdict, with no general finding against the defendant. There was no dispute about the general facts not found in the special verdict. On the undisputed evidence and verdict the court entered judgment against the defendant alone for the amount of the plaintiff's claim. This was no error, for, though the effect of the evidence and verdict is to estop the defendant to deny that he is one of the firm of J. Hadfield & Co., and to render him liable to the plaintiff in the same manner and to the same extent as if he had been in fact a partner in that firm (*Thayer v. Goss,*

*supra; Thayer v. Humphrey*, 91 Wis. 276), he was not liable severally for the whole debt, but only jointly with the real partners (*Keith Bros. & Co. v. Stiles*, 92 Wis. 15), and had a right to insist that they should be joined as defendants in the action, and that the judgment should not be, in form, severally against him, but jointly against all the partners (*Brawley v. Mitchell*, 92 Wis. 671). But he had waived this right to require the joinder of other parties as defendants, and to have merely a joint judgment against himself, by not pleading this defect of parties in abatement. R. S. secs. 2649, 2654; *Smith v. Cooke*, 31 Md. 174, 100 Am. Dec. 58; 1 Ency. of Pl. & Pr. 14, and cases cited in notes.

*By the Court.*— The judgment of the circuit court is affirmed.