Bartlett vs. Clough and another.

---

BARTLETT, Respondent, vs. CLOUGH and another, Appellants.

*September 26 — October 13, 1896.*

*Mechanics' liens: Foreclosure: Witnesses: Husband and wife: Questions of fact: Partner by holding out: Argument of counsel: Court and jury: Advisory verdict: Immaterial errors: Failure of party to appear: Judgment: Special verdict.*

1. In an action to foreclose a mechanic's lien, brought against P. who owned the land and C. who contracted for the work for which the lien was claimed, both of whom plaintiff claimed to be liable to

Bartlett vs. Clough and another.

him as partners, C.'s wife was incompetent as a witness for P. to testify to a conversation between her husband and the plaintiff in regard to the terms of the contract.

2. In such a case P. admitted that he owned the land and that plaintiff did the work upon it as alleged, but claimed that a less sum was due than was demanded in the complaint, and also sought to recoup damages for defective work concerning which the evidence was conflicting. *Held*, that a motion to dismiss the action as to him was properly denied.

3. The plaintiff's testimony that C. represented himself to be a partner with P. in the matter of the building, and that he did not know that C. was only P.'s agent, being denied by C., raised a question of fact as to C.'s liability as such partner, to be determined in the ordinary manner.

4. It was not prejudicial for plaintiff's attorney in his argument to the jury to refer to P. as a banker from Iowa and to say of him that he either could not or did not intend to pay his just debts.

5. Sec. 3323, R. S., does not require the submission of all the issues in an action to foreclose a mechanic's lien to a jury for a general verdict, but only such designated issues as either party shall demand to have so submitted, and as to those only the verdict is conclusive; but all the remaining issues, or, where neither party requests the submission of specific issues, all the issues in the action, are to be determined by the court under the ordinary rules of equity, and the court may, of its own motion, submit to a jury such questions as it deems advisable for its own information and assistance.

6. Errors in the instructions to the jury are unimportant in an equity case, where the court in the end must determine all the issues.

7. A party to an action who has neither appeared nor asserted his rights has had his day in court and cannot object that his rights have been lost sight of, and are ignored in the judgment rendered.

8. Answers of a special verdict will not be held uncertain if they are sufficiently certain when construed with reference to the issues in the action and the parties properly before the court.

APPEAL from a judgment of the circuit court for St. Croix county: E. B. BUNDY, Circuit Judge. *Affirmed.*

Action to foreclose a mechanic's lien for the plastering of a building. Defendant *Plummer* is the owner of the building and the land on which it was built. The work was done

Bartlett vs. Clough and another.

under the direction and procurement of defendant *Clough*, who was the agent of defendant *Plummer* for that purpose. The plaintiff claims that *Clough* informed him, and he believed, that *Clough* and *Plummer* were partners in the enterprise, and seeks to hold them responsible as partners. The answer denies the partnership, and, while admitting that the plaintiff did work upon the building, takes issue upon its amount and value, claiming that it was to be done by day's work, instead of by the yard, as plaintiff claims, and claims recoupment by reason of defective work. Other lien claimants (Rickard and Stever) were made parties defendant, but did not appear in the action, nor exhibit claims, and were entirely overlooked in the final determination of the case. The plaintiff demanded a jury. A jury was impaneled and sworn. The case was submitted to the jury for general verdict, with several special questions submitted by the court on its own motion. Neither party designated any issues as those which he desired to have tried by the jury, and none was submitted by request of either party. The general verdict was: "We, the jury in this action, find for the plaintiff, and assess his damages at one hundred and ten dollars, and that said sum is a lien upon the building and the interest of both defendants in the premises mentioned in the complaint." The special questions submitted by the court on its own motion, with the answers of the jury, were: (1) "Did the defendant, at the time the contract was entered into with plaintiff, represent and hold himself out to the plaintiff to be the partner of defendant *Plummer*, and did plaintiff make such contract for work believing him to be such partner?" Answer. "Yes." (2) "Was the defendant *Clough* the duly authorized agent of defendant *Plummer* to make the contract in his behalf with plaintiff for the performance of the work?" Answer. "Yes." (3) "Did defendant *Clough* make such contract without disclosing such agency, and without plaintiff being aware of the fact

that he was not, but supposing and believing that he was so contracting in his own behalf, or in behalf of a partnership of which defendant *Clough* was a member?" Answer. "Yes."

The court made additional findings as follows: (1) "That all the material allegations of the complaint are proven and true." (2) "That the amount due the plaintiff from the defendants *J. A. Clough* and *B. A. Plummer* is the sum of one hundred and ten dollars." (3) "That the same is due for work and labor upon, in, and about the construction of the building situated upon lot 1 in block 12 of the village of Spring Valley, in the county of Pierce and state of Wisconsin, as described in the complaint, as a principal contractor." (4) "That the plaintiff filed his claim for lien, as required by law, on the 24th day of October, 1893, in the office of the clerk of the circuit court in and for Pierce county, Wisconsin, within six months after the date of the last charge for said work and labor."

As conclusions of law the court found: (1) "That the plaintiff is entitled to judgment for the sum of one hundred and ten dollars, for such work and labor, against the defendants *J. A. Clough* and *B. A. Plummer*." (2) "That he is entitled to have the same adjudged a lien upon said premises, and that the same be sold therefor." "And let the usual judgment be entered therefor, with costs, as demanded in the complaint."

Each defendant moved for a dismissal of the action as to him, which was denied. Motions for a new trial were overruled and judgment given for the plaintiff, from which this appeal is taken.

The defendants claim multitudinous errors, of which the following list is an abridgment: (1) "The court erred in not permitting Mrs. Clough to testify as a witness in behalf of the defendant *B. A. Plummer*." (2) "The court erred in denying the motion of *B. A. Plummer* to dismiss the action as to him." (3) "The court erred in denying the

Bartlett vs. Clough and another.

motion of *J. A. Clough* to dismiss the action as to him." (4) "The court erred in denying the motion of the defendant *B. A. Plummer* to set aside the verdict for the reasons assigned in his motion." (5) "The court erred in denying the defendant *Clough's* motion to set aside the verdict for the reason assigned in his motion." (6) "The court erred in permitting the plaintiff's counsel S. J. Bradford, in his address to the jury, to state 'that the testimony of *Clough* is that *Plummer* is a banker, and didn't have the means to pay off these claims,' against the objection of the defendant." (7) "The court erred in permitting S. J. Bradford, in his closing address to the jury, against the objection of the defendant, to state: 'This man in Forest City, Iowa, that runs a bank, and didn't mean to pay his just obligations,— the question will be, was *Mr. Clough* his agent?'" (8) "The court erred in submitting, of his own motion, special questions to the jury after the close of the argument of the case to the jury." (9) "The court erred in submitting [the first question] to the jury." (10) "The court erred in submitting [the second question] to the jury." (11) "The court erred in submitting [the third question] to the jury." (12) "The court erred in his charge to the jury, to which exceptions were duly taken (R. 107–112), (C. 80–86)." (13) "The court erred in making findings of fact and conclusions of law after the jury had been duly called by the plaintiff, and had returned both a general and special verdict in the case." (14) "The court erred in entering a judgment against the defendants *Clough* and *Plummer*, for the reason that there were other defendants in the action, and the title to the action upon which the verdict is rendered is *John E. Bartlett v. J. A. Clough and others.*"

For the appellants there was a brief by *John W. Bashford* and *J. W. Hancock*, and oral argument by *R. M. Bashford*.

For the respondent there was a brief by *S. J. Bradford* and *A. J. Kinney*, and oral argument by *Mr. Kinney*.

Newman, J. The several alleged errors will be considered in the order in which they are numbered, so far as is practicable:

1. The wife of the defendant *Clough* was sworn as a witness, ostensibly on behalf of the defendant *Plummer*, and was asked if she had overheard a conversation between her husband and the plaintiff in regard to what the contract was. Objection to the question was sustained. The plaintiff claimed that *Clough* and *Plummer* were liable to him as partners. So far as related to questions arising upon the contract, the defense of both defendants was the same. *Clough's* wife could give no testimony on that subject which should be in favor of *Plummer* which would not at the same time inure equally to the benefit of her husband. The case is ruled by *Stewart v. Stewart*, 41 Wis. 624. The exclusion of this evidence was not error.

2. The court denied a motion by defendant *Plummer* to dismiss the action as against him. This defendant, by his answer, admits that he is the owner of the property, and that the plaintiff did the work upon it which is described in the complaint, but claims that a less sum is due, because the plaintiff was hired by the day at the customary wages, and not by the yard, as the plaintiff claims. He also claims to recoup damages for defective work. This answer, in substance, admits a right in the plaintiff to some recovery unless the defendant can prevail on his counterclaim, and as to that the testimony was in conflict. It was no error to overrule the motion.

3. Denial of a similar motion on behalf of defendant *Clough*. The plaintiff testified that *Clough* told him that he was a partner with *Plummer* in the matter of the building, and that he did the work with that understanding, and did not know that he was only *Plummer's* agent. True, this was denied by *Clough*. But it formed an issue of fact, to be decided in the action in the ordinary manner, and was

not ground for a compulsory dismissal of the action. A party who holds himself out as a partner may render himself liable the same as if he were in fact a partner, irrespective of the fact. *Thayer v. Goss*, 91 Wis. 90; *Evens & Howard Fire Brick Co. v. Hadfield*, 93 Wis. 665.

4, 5. These objections are answered by the observations which have been made with reference to 2 and 3. The testimony being sufficient as against a motion to dismiss, and requiring submission to the decision of the proper trier, it goes without saying that it could be no abuse of discretion to refuse a new trial on account of its insufficiency.

6, 7. Objection to remarks of plaintiff's counsel in discussing the case to the jury. Perhaps the more objectionable remark was this: "This man from Forest City, Iowa, that runs a bank, and didn't mean to pay his just obligations,— the question will be, was *Mr. Clough* his agent?" It is said that these remarks were calculated to excite undue prejudice against the defendant *Plummer* in the minds of the jury. It is really difficult to see anything very serious in this. It cannot be accepted as a self-evident proposition that to call a man "a banker from Iowa" would even tend to excite undue prejudice against him in a St. Croix county jury. Nor does it seem necessarily to overwhelm a man with obloquy to say of him either that he cannot or that he does not intend to pay his just debts. Such cases are not so infrequent in the community as to excite special wonder or remark, or to disturb the equanimity of men of ordinary experience. When said in reference to a party to a lawsuit who does not pay and who resists collection, it does not seem to be a violent or necessarily unjust inference to say that he does not intend to pay. It cannot be presumed that the defendant was injured by these remarks.

8. That the court erred in submitting special questions to the jury, of its own motion, after the close of the arguments to the jury. This objection seems to arise from a miscon-

ception of the proper function of the jury in a mechanic's lien case. Such actions are actions in equity. In actions in equity it is ordinarily in the discretion of the court whether any, or what, questions shall be submitted to the jury. And in such cases the verdict of the jury is deemed advisory merely, and not binding upon the judgment of the court. But in mechanic's lien cases the statute has made a different rule. It provides that in such actions "any issue of fact in such action shall on demand of either party be tried by a jury, whose verdict thereon shall be conclusive as in other cases." R. S. sec. 3323. It is not clear what the parties to this action desired the jury to determine. Neither party designated any particular issue which it wished to have submitted to the jury. So, perhaps, it was within the province of the court to determine all the issues for itself, without reference to the jury. But the court certainly had the clear right, in the absence of any request by the parties to submit designated issues, to submit to the jury such questions as it deemed advisable, for its own information or assistance, of its own motion. *Huse v. Washburn*, 59 Wis. 414. For it is the function of the court, in a mechanic's lien case, to determine all the issues, whether with or without the assistance of a jury, where neither party requests specified issues to be tried by a jury

9, 10, and 11. The questions which the court submitted of its own motion were all pertinent to the issues in the action. It was competent for the court to submit them of its own motion, as above shown.

12. Errors in the charge. No serious error in the charge is discovered. But errors in rulings on the admission of evidence or in instruction to the jury are of little importance in an equity case, where, in the end, the court itself must determine all the issues. *Huse v. Washburn, supra.*

13. The court erred in making findings of fact and conclusions of law after a jury had been called and had returned

Bartlett vs. Clough and another.

a verdict.  This objection is of kin to No. 8.  It arises
from the same misconception of the relative functions of
the court and jury in a mechanic's lien action.  In a com-
mon-law action all the issues are to be submitted to the
jury, unless that is waived by the parties, and the verdict
must cover and dispose of all the issues in the action.  In
the ordinary action in equity it is in the discretion of the
court whether any, and what, issues shall be submitted to
the jury.  The verdict should pass upon and dispose of all
the issues which are so submitted.  In a mechanic's lien ac-
tion the court should submit "any issue of fact" which
either party shall request to have submitted.  It is no part
of the duty of the court to submit issues other than those
which either party shall request to be submitted.  And all
issues which are not so submitted are to be decided by the
court.  *Stiles v. Neillsville Milling Co.* 87 Wis. 266.  The
statute does not seem to contemplate that all the issues
shall be submitted to the jury for a general verdict, or
to make the case, in the ordinary sense, a jury case, but
only such designated issues as either party shall demand to
have so submitted, and that the remaining issues in the ac-
tion shall be tried by the court, either with or without the
assistance of a jury, in its discretion.  And on such issues
the verdict of the jury is advisory merely.  *Huse v. Wash-
burn, supra.*  But any issue of fact of which a jury trial is
demanded is to be tried in the same manner as issues of fact
in actions at law are tried, and the verdict thereon is in like
manner conclusive.  *Bentley v. Davidson,* 74 Wis. 420.

14. This is supposed to be designed to raise the point
that the judgment does not determine the rights of all the
parties to the action.  The other lien claimants who were
made defendants, Rickard and Stever, did not appear in the
action, nor exhibit claims, and are not mentioned in the
judgment.  It is true that the judgment should determine
the rights of all the parties to the action.  But a party who

neither appears nor asserts his rights cannot demand of the court to explore for his rights, nor that any other person shall volunteer to assert and vindicate them. He cannot complain if his rights do not appear in the action,— are un-discovered and undetermined. He has had his opportunity,— his day in court. Or perhaps this objection was intended to raise a question of uncertainty in the verdict. The ver-dict was entitled, "*John E. Bartlett v. J. A. Clough and others.*" The answer to the first question submitted by the court is to the effect that " the *defendant* held himself out to the plaintiff to be the partner of the defendant *Plum-mer*," and it is said that on its face it is uncertain which de-fendant the jury found to have so held himself out. But that is certain which can be made certain. The verdict is sufficiently certain when construed with reference to the issues in the action and the parties properly before the court. No important error is discovered.

*By the Court.*— The judgment of the circuit court is af-firmed.