ROBINSON, Executor, and others, Appellants, vs. McGINNIS and another, Respondents.

*February 21—March 14, 1911.*

*Witnesses: Competency: Husband and wife: Nominal interest in action.*

1. Husband or wife may be a witness in behalf of a codefendant of the other spouse when such defendant spouse has only a representative or nominal interest in the action, even though said defendant spouse may be liable for costs in case of defeat.
2. The custodian of personal property who is made defendant in replevin with his principal, the owner of such property, is to be considered as having only a nominal interest in the action, within the meaning of the foregoing rule.

APPEAL from a judgment of the circuit court for Waukesha county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

*Geo. E. Robinson,* for the appellants.

For the respondents the cause was submitted on the brief of *John A. Kelly.*

TIMLIN, J.   The plaintiff, executor of Margaret White,. deceased, brought this action of replevin for two certificates. of deposit issued to Margaret White in her lifetime and withheld from him by the defendants *Mary McGinnis* and *Charles. McGinnis.*   No rights of creditors of the estate are involved.. The defendant *Mary* answered, claiming ownership by gift from Margaret White, and the defendant *Charles* answered,. disclaiming all title or interest and asserting that he held possession only as agent or custodian of the defendant *Mary.* Agnès McGinnis, wife of *Charles,* was, under objection and exception, sworn as a witness on the part of defendants.   If she was a competent witness there is testimony sufficient to support the finding that *Mary McGinnis* had title by gift from Margaret White and the judgment must be affirmed.. If she was not competent, there is no sufficient testimony to support the finding and judgment must be reversed.

Two lines of precedents exist in this state: one to the effect that the wife of a defendant is not a competent witness for the defense in an action against her husband and another in favor of the latter where her testimony is of such a nature that it would aid her husband as well as his codefendant.. *Bartlett v. Clough,* 94 Wis. 196, 201, 68 N. W. 875; *Stewart v. Stewart,* 41 Wis. 624; *In re Valentine's Will,* 93 Wis. 45, 67 N. W. 12.   The other is, where one of the spouses sues or defends in a representative capacity the other is a competent witness in the action.   *Gordon v. Sullivan,* 116 Wis. 543, 93 N. W. 457, and cases cited.   Strictly speaking, neither of these precedents covers the instant case, but in this. case the defendants might, on a proper showing, have had separate trials, and thus the testimony of the wife of *Charles* might have been made available to *Mary.*   Sec. 2844, Stats. (1898); *U. S. v. Addatte,* 6 Blatch. 76; *Woods v. ·State,* 76 Ala. 35; *State v. Rainsbarger,* 71 Iowa, 746, 31 N. W. 865; *Whitlow v. State,* 74 Ga. 819.   Or if the plaintiff had brought his replevin against *Charles McGinnis,* who had pos-

session of the property, *Charles* could have interpleaded the plaintiff with *Mary* under sec. 2610, Stats. (1898), and the latter could then have availed herself of the testimony of Agnes. The plaintiff ought not to be able to prevent this by merely adding *Mary* as a party defendant in this possessory action. Ceremonies of procedure should not obstruct justice, and what might have been done indirectly through either of the foregoing methods should not result in reversal of the judgment when directly done unless some paramount rule of law is transgressed by this direct action. These ceremonies seem unnecessary in a case like the present, where the husband has no substantial interest in the result of the action except his liability to costs. We adopt the rule that one of the spouses may be a witness in behalf of a codefendant of the other spouse when such defendant spouse has only a representative or a nominal interest in the action, even though said defendant spouse be subject to costs in case of defeat. We consider the custodian of personal property who is made defendant in replevin with his principal, the owner of such property, as one having only a nominal interest.

*By the Court.*—Judgment affirmed.