MORTON vs. SMITH and another, imp.

*September 25, 1879 — February 3, 1880.*

HIGHWAY: COURT AND JURY: EVIDENCE. *(1) Liability of lot-owner under city charter for condition of sidewalk. (2) Questions of knowledge or notice for the jury. (3) Proof of change in condition of sidewalk before a view by the jury.*

1. A city charter requires each lot-owner to keep his sidewalk "in a good and safe condition for use," and provides that for injuries occurring to any person "by reason of a defective sidewalk," the lot-owner shall be liable. *Held,* that such liability attaches for injuries resulting from a smooth and slippery condition of the walk, rendering it unsafe, whether such condition result from the wearing of the surface by use, or from slippery substances placed thereon with the lot-owner's consent, or suffered to remain through his neglect.

2. As to a slippery and unsafe condition of defendants' sidewalk, resulting from paint placed thereon by other persons, there was no error in submitting to the jury the question whether defendants knew of it, or, in view of the nature of the defect and the length of its continuance, were chargeable with notice.

3. Where the jury had viewed the walk whose defective condition is alleged to have caused the injury, there was no error in admitting evidence that changes had been made in its condition after the accident and before the view.

APPEAL from the Circuit Court for *Rock* County.

Action for injuries to the plaintiff resulting from the unsafe condition of a sidewalk in the city of Janesville. The owners of the lot upon which the walk is constructed, were made defendants together with the city; and from a judgment, upon verdict, in favor of the plaintiff, said lot-owners appealed. The case is stated in the opinion.

For the appellants, there was a brief by *Cassoday & Carpenter*, and oral argument by *Mr. Cassoday*.

For the respondent, there was a brief by *Bennett & Sale*, and oral argument by *Mr. Bennett*.

COLE, J. The charter of the city of Janesville imposes upon the owner of a lot fronting on any street in the city the duty of keeping the sidewalk in front of his lot in a good and safe condition for use; and in case an injury shall occur to any person by reason of a defective sidewalk, the owner is made liable for the damages thus sustained. Section 9, ch. 298, P. & L. Laws of 1869. This action is brought upon this provision of the charter. The gravamen of the complaint is, that the defendants laid a sidewalk of limestone along Main street in front of their building and lot, which walk, at the time the plaintiff was injured, had by use become smooth and unsafe to walk on; and that, with the knowledge of the defendants, some person had covered a part of the sidewalk at this point with red paint, mixed with oil or other liquid, thereby negligently and unlawfully adding to the insecurity

of the walk, and rendering the same unsafe and dangerous to walk on by reason of its slippery condition.

There was evidence given on the trial which tended to sustain this cause of action. A great number of exceptions were taken to the rulings of the court below, which cannot be conveniently noticed in detail. The principal questions in the case arise on exceptions to the charge of the court as given, and to the refusal of the court to give the instructions asked on the part of the defendants. The charge is quite lengthy, and seems to cover every possible aspect of the case.

The learned circuit judge, among other things, charged in effect, that the law cast upon the defendants the duty and obligation of keeping the sidewalk in front of their building in a reasonably good and safe condition for public use; and that if the plaintiff was injured, while passing over the walk with due care, by reason of its being dangerous, they were liable for the damages sustained. The circuit judge further told the jury that the defendants were under no obligation to keep the sidewalk in such extraordinary and unusually good and safe condition as to render an accident to one traveling upon it impossible, but were simply bound to keep it in an ordinarily and reasonably good, safe and suitable condition for public use; and that the jury were to determine from their own view of the premises, and from the testimony in the case, whether this was the condition of the walk. In respect to the particular defect in the walk complained of, namely, great smoothness and slipperiness of surface, the court said: " If this walk, by use, had become so smooth and slippery as to be dangerous and not safe for public use; or if, by being painted, it was made so smooth and slippery as to be dangerous and not safe for such use — such condition was one against which the defendants were bound to provide."

Now it is insisted by the learned counsel for the defendants, that the propositions embraced in this charge are not law. The contention is, that the words " defective " and "defect,"

as used in the charter, clearly imply that there can be no liability unless there be something wanting, something omitted, some imperfection or defect in the nature or quality of the material of which the walk is constructed, or some defect in the manner of making the walk; and that the language does not refer to smoothness · of the walk arising from use, or to something which happens to be upon the walk without the knowledge or consent of the owner of the lot.

We do not think this construction of the charter is correct. A walk, within the meaning of the charter, may be defective because of imperfection or fault in the materials of which it is made; or from defect or fault in constructing it; or it may become defective and dangerous from use, or in consequence of things placed upon it. Suppose that a walk, originally constructed of good materials and in a proper manner, decays or wears out by use so as to be dangerous and unsafe: is it not clear that a walk in such a condition is defective? That it may become defective, or, more properly speaking, may become unsafe, by reason of things placed upon it, would seem to be a proposition too plain for argument. If, upon a walk constructed properly and with good materials, some slippery foreign substance, like paint or grease, is placed, which renders the walk slippery and dangerous to travelers upon it, it would be idle to say that such a walk was in a "good and safe condition for use;" and where the slippery foreign substance is placed upon the walk with the consent of the owner of the lot, or is suffered to remain upon the walk through the owner's neglect to remove it when notified of its existence, in these cases the owner's responsibility would seem to be clear, to a person injured in consequence of this slippery substance; but at first blush there would seem to be less ground for holding the lot-owner liable where the injury occurred· by reason of the walk becoming smooth and slippery by public use. Still the owner is under a legal obligation to keep the walk in front of his lot in "good and safe condition for use." This

Morton vs. Smith and another, imp.

is the measure of responsibility imposed by the charter; and therefore, whether the walk becomes unsafe and dangerous by reason of being made smooth and slippery by public use, or from some other cause, as the decay or wearing out of the material of which it is constructed, still the defect is one coming within the provision of the charter, and for which the lot-owner is liable to an injured party.

It is apparent that slipperiness caused by use is a defect which care and diligence on the part of the lot-owner can remedy or guard against. It is not like slipperiness caused by ice or the action of the elements, which no degree of diligence can prevent. We therefore hold that there was no error in the above charge as given.

Again, the court charged that " in respect to the liability of the defendants in another regard, it depends upon this: If you find that this walk was in a bad and unsafe condition, by the paint placed upon it, or by having been worn down smooth by use, you must find either that they had actual notice of this condition, or you must find further that the defects complained of were of such a nature and had existed for such a length of time as that they must have known, or were bound to know, that it was in this condition. Their liability depends upon that — not that they must of necessity actually have known that it was in this condition; but they must have actually known, or you must find that the defects complained of were of such a nature and had existed for such a length of time that, considering the residence of the defendants, the fact of the location of the premises, and their familiarity with them, they must necessarily be chargeable with notice of their actual condition." This charge, as bearing on the question of notice to the defendants of the existence of paint on the walk or its smoothness by use, would seem to be unexceptionable. For if the defect in the walk — if any defect there was — had existed for a considerable time, then, under the circumstances, the defendants would be presumed to have had

notice of it.   The walk was along one of the principal streets of the city, and the nature of the defect was well calculated to arrest the attention of every person passing over it.

The question whether the walk was in fact dangerous or defective, within the rule laid down by the court in the charge, as well as the question of contributory negligence, seems to have been fairly submitted to the decision of the jury.

The above remarks, we think, dispose of all the material questions arising upon the charge as given, and the refusal of the court to give the instructions asked.   Consequently nothing further will be said on these points.

While the witness Frank Parker was being examined by plaintiff's counsel, he was permitted to testify, under objection by the defendants, that he saw Charles Riley pick holes in the walk, where it was painted, after the accident.   The admission of this testimony is assigned for error.   The testimony was admissible under the circumstances.   As we understand the case, there was a view of the walk by the jury.   The testimony in question was proper and competent to show that the surface of the walk had been changed after the accident and before the jury saw it.   In the absence of this testimony the jury might have been misled as to the real condition of the walk when the injury occurred.   In any view we have been able to take of the case, we think the judgment is correct, and must be affirmed.

*By the Court.* — Judgment affirmed.