HENKER, Respondent, vs. THE CITY OF FOND DU LAC, Appellant.

*April 17 — May 12, 1888.*

*Municipal corporations: Defective sidewalk: Primary liability of lot-owner: Constitutional law.*

The charter of Fond du Lac (secs. 1–3, subch. 18, ch. 152, Laws of 1883) makes it the duty of the lot-owner to keep the sidewalk in front of his lot in a safe condition, and makes him liable for all injuries resulting to any person from his neglect to perform that duty. It also provides that the city shall not be liable for any such injury until after the injured party has exhausted his remedy against the lot-owner. *Held*, that these provisions of the charter

Henker vs. The City of Fond du Lac.

are valid, and a person injured by the negligent omission of a lot-owner to keep a sidewalk in repair must first exhaust his remedy against such lot-owner before he can maintain an action against the city.

APPEAL from the Circuit Court for *Washington* County.

The action was brought in the circuit court for Fond du Lac county to recover damages for personal injuries alleged to have been sustained by reason of a defective sidewalk in the defendant city. The answer set up two separate defenses. The substance of the first is stated in the opinion. The second consisted of a general denial. A general demurrer to the first defense was sustained. Thereafter the venue was changed to Washington county, and a trial was there had upon the issue made by the general denial. An objection to the admission of any evidence under the complaint was overruled. The trial resulted in a verdict for the plaintiff; a motion for a new trial was denied; and the defendant appealed from the judgment entered on the verdict.

*P. H. Martin,* City Attorney, for the appellant.

For the respondent there were briefs by *Gerpheide & McKenna,* and oral argument by *Mr. H. J. Gerpheide.* To the point that the demurrer to the first defense was properly sustained, they quoted the opinion of the circuit judge,[1]

---

[1] The opinion of the judge of the circuit court for Fond du Lac county was as follows:

"From the lapse of time the sidewalk in question has been used by the public with the knowledge and acquiescence of the city the latter must be held to have adopted the same as one of its ways, and is in a proper case liable for damages happening by reason of a defect therein, to the same extent as if the city had originally directed the sidewalk to be built. It is very clear from the facts stated in the complaint that the alleged defective condition of the walk at the place where it is claimed the plaintiff was injured was caused by natural decay from the length of time the walk had been constructed. Certainly it was not caused by any direct act of negligence on the part of the adjacent land owner. Entertaining this view of the pleadings I think the demurrer

and argued that the facts of this case, as shown by such opinion, distinguish it from the case of *Hiner v. Fond du Lac, ante*, p. 74.

COLE, C. J. The plaintiff, in September, 1884, was injured through a defect in the sidewalk in the city of Fond du Lac. In the notice which he filed with the city clerk he stated that this injury was sustained by him on the west side of Lincoln street, from a defective sidewalk in front of property owned by Ernst Haentze, fully describing the property. In its answer the city set up as a defense and relied upon the provisions of its charter, which made it the duty of the lot-owner to keep the walk in front of his lot in a safe condition, and made such owner liable for all damages resulting to any person by reason of the owner's neglect to thus maintain the walk; and the charter also, in effect, provided that the city should not be liable for any such injury

---

to the first defense stated in the answer should be sustained upon the authority of *Papworth v. Milwaukee*, 64 Wis. 389, and the cases there cited.

"If the provisions of the charter relied on by counsel for the defendant made the owner of adjoining property primarily liable for mere negligent omission to repair (which it does not in my opinion), I should be inclined to hold the act void to that extent, on the very convincing reasoning of the supreme court of Minnesota in *Noonan v. Stillwater*, 33 Minn. 198, to the effect that the municipality cannot be permitted to shift its governmental duty and responsibility in respect to streets upon adjacent land owners, and make them liable in damages for injuries happening to travelers from defects not directly occasioned by the fault of such owners, not merely in amount equal to or less than the value of the land adjacent to the place of injury, but personally and, in some cases, far in excess of such value. However, with the limitation placed upon similar provisions in the charter of other cities, it is not necessary to hold the charter of Fond du Lac, on this subject, in violation of the constitution. Our court rightly held, I am convinced, that the statute was intended to cover cases like that of *Hundhausen v. Bond*, 36 Wis. 29, and with that construction the part of the answer demurred to states no defense to the plaintiff's cause of action." — REP.

until after the failure of the injured party to recover and collect his damages against the lot-owner. On the return of an execution, issued on a judgment against the lot-owner, unsatisfied, the injured party might, within six months, bring an action against the city to enforce its liability. See secs. 1–3, subch. 18, ch. 152, Laws of 1883, p. 435.

Now, the insuperable difficulty in the way of maintaining this action is that it does not appear that the plaintiff has exhausted his remedy against the lot-owner, who is made primarily liable by these charter provisions, before this action was brought, but the contrary fact is shown. We do not perceive how this objection or defense can be overcome or avoided. In the case of *Hiner v. Fond du Lac, ante,* p. 74, this point was presented, and it was clearly and distinctly decided that the city was not liable, under its charter, for an injury resulting from a defective sidewalk, until the person injured had exhausted his remedy against the lot-owner. It is true, that case arose under the charter of 1879 (ch. 240, Laws of 1879), but the charter of 1883 is quite as express and strong upon this subject as the charter of 1879. It seems unnecessary to discuss here the question as to the liability of the city, because the intent of the charter is perfectly manifest, and requires the injured party to exhaust his remedy "against the lot-owner as a condition precedent to the right to maintain the action" against the city.

An attempt was made to distinguish this from the *Hiner Case,* on the grounds that the provisions of the city charter of 1883 were different from that of the charter of 1879, and because the facts of the two cases were dissimilar. The provisions in the charter of 1883 go into more detail than the former charter, but they are as clear and precise as language can express that it is the duty of the lot-owner to keep the sidewalk in front of his lot in a safe condition, and make him liable for all damages of every nature resulting from a neglect to perform that duty, and require the in-

jured party to exhaust his remedy to recover and collect his damages from the lot-owner before commencing an action to enforce the liability of the city. Nor do we see anything in the facts that can take this case out of the decision in the *Hiner Case*, and this judgment cannot be affirmed without overruling that decision.

We were referred on the argument to *Noonan v. Stillwater*, 33 Minn. 198, which holds that a charter that imposes the duty on the lot-owner to construct and maintain in good repair sidewalks in front of his lot, and makes such owner liable for all damages resulting from his default or neglect in not keeping such sidewalks in good repair, was, as to this latter provision, which makes the owner liable to others than the city, unconstitutional. We have great respect for the decision of that court, but the doctrine of that case is in direct conflict with the law as established in this state in many cases. Assessments for local improvements have been sustained here from an early day; and the liability of the lot-owner for damages resulting from his failure to perform the statutory duty of keeping the sidewalk in front of his lot in repair is in the nature of a penalty to enforce such duty, and is incident to the burden imposed by the local assessment. We have no doubt of the power of the legislature to impose the liability upon the lot-owner, and to relieve the city from such liability until the injured party exhausts his remedy against the lot-owner. The validity of such a provision in city charters has been affirmed in many cases, and must be deemed a settled question in this state. See cases referred to in *Raymond v. Sheboygan*, 70 Wis. 318.

In this case the city not only relied upon the defense in its answer, but offered to show on the trial that no judgment against the lot-owner had been obtained, when this fact was admitted on the part of the plaintiff, that no judgment had been obtained against Mr. Haentze for damages. The circuit court sustained a demurrer to the first defense

set up in the answer, which was contrary to the views we have expressed. For this error, and for the refusal of the court to set aside the verdict and grant a new trial, the judgment is reversed, and the cause is remanded for further proceedings according to law.

*By the Court.*— Ordered accordingly.