GORDON, Appellant, vs. SULLIVAN, Administratrix, and another, Respondents.

*January 14—February 3, 1903.*

*Municipal corporations: Defective sidewalks: Negligence: Personal injuries: Charter provisions: Action against city and lot owner: Conditions precedent: Evidence: Competency of husband, wife being party: Appeal and error: Special verdict: Submission of questions: Instructions to jury: Immaterial error.*

1. Under the charter of the city of Fond du Lac (ch. 152, Laws of 1883), a party suffering injury by reason of a sidewalk being out of repair must exhaust his remedy against the lot owner, as a condition precedent to his right to maintain an action against the city. In an action against said city for injuries occasioned by a defective sidewalk, in which the lot owner was joined, there was failure to plead and prove that plaintiff had exhausted her remedy against the lot owner. *Held,* that the action against the city could not be maintained, and it was not error to enter judgment in favor of the city.

2. In such action, no claim was made, either in the pleadings or upon the trial, that recovery was sought for an original faulty construction of the sidewalk, but the distinct claim was made from beginning to the end of the trial of failure to repair. The complaint was not amended. There was some slight testimony, which incidentally crept into the case, from which original faulty construction might be claimed. *Held,* that it was too late to make claim, for the first time in the supreme court, that the provisions of the charter of Fond du Lac (requiring exhaustion of remedy against lot owner before action against city could be maintained) did not apply to cases of original faulty construction.

[3. Whether under the charter of Fond du Lac (ch. 152, Laws of 1883), there is a different rule as to bringing actions against the city based on negligence occasioned by an original faulty construction of a sidewalk, from that occasioned by neglect to keep in repair, not decided.]

4. Where a wife is defending an action in a representative capacity, an objection to competency of her husband as a witness is not tenable.

5. In an action against a city and lot owner for personal injuries occasioned by lack of repair of a sidewalk, it is not error to exclude statements of a witness as to the condition of the walk at times which he was unable to locate as being anywhere near the time of the injury.

6. In such case, it is not error to exclude statements of a witness that the condition of the sidewalk was bad. Such statements are mere conclusions, and invade the province of the jury.

7. Where the findings of the jury exculpate the defendant from any liability, any error in the instructions to the jury on the subject of damages becomes immaterial.

APPEAL from a judgment of the circuit court for Fond du Lac county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

This is an action to recover for injuries received by a fall upon a defective sidewalk upon a street in the defendant city. It appears that on the evening of October 3, 1898, the plaintiff, while walking upon the sidewalk, stepped into a hole in the walk, and was injured. The action was originally brought jointly against the city and one Reilly, who owned the adjoining real estate. Reilly having died before the trial of the action, the defendant *Mattie Sullivan,* as administratrix of his estate, was substituted in his place as a defendant. The defect charged in the complaint was that the sidewalk was insufficient, in that a plank had been removed therefrom, leaving a hole, into which the plaintiff stepped. The answer of both defendants denied any negligence, and the answer of the city also alleged that the city was not primarily liable for any such injury. The case was tried before a jury, and the following special verdict rendered:

"First Question. Between the hours of seven and eight o'clock p. m. on October 3, 1898, at the point specified in folio three of the complaint in this action, was there a hole or opening in the sidewalk, which made it defective and unsafe for public travel thereon? Answer (by the court, by consent of counsel). Yes. Second Question. At the time

and place specified in the first question, did the plaintiff step into a hole in the sidewalk, and in consequence thereof fall and receive injury thereby? Answer (by the court, by consent of counsel). Yes. If your answer to the second question be 'No,' then do not answer any of the following questions. But if your answer to the second question be 'Yes,' then answer each of the following questions: Third Question. Was the unsafe and defective condition of the sidewalk at the time and place in question caused by, or did it arise from, the default and negligence of the defendant city and of said Thomas Reilly? Answer. As to the city, we answer, 'No.' As to said Thomas Reilly, we answer, 'No.' Fourth Question. Was there any want of ordinary care on plaintiff's part which contributed to cause the injuries which she received? Answer. No. Fifth Question. Were the injuries which plaintiff received the natural and probable consequence of the unsafe and defective condition of the sidewalk at the time and place in question? Answer. Yes. Sixth Question. During how long a time prior to October 3, 1898, had said sidewalk been in such defective and unsafe condition at the place mentioned in the first question? Answer. No time. Seventh Question. From October 3, 1878, to and after October 3, 1898, was the said Thomas Reilly the owner in fee of the premises on which said sidewalk was placed, and which are described in folio three of said complaint? Answer. Yes. Eighth Question. Did said city, through its proper officers and its superintendent of sidewalks, and did said Thomas Reilly, have actual notice or knowledge of the unsafe and defective condition of said sidewalk in time to have caused it to be repaired, by using ordinary care and diligence, before plaintiff was injured? Answer. As to the city we answer, 'No.' As to Thomas Reilly, we answer, 'No.' Ninth Question. Had the unsafe and defective condition of the sidewalk existed for so long a time before October 3, 1898, that, by the exercise of ordinary care and diligence, said Thomas Reilly, and also said city, through its proper officers, should have discovered the condition of the sidewalk and repaired it before plaintiff was injured? Answer. As to the city, we answer, 'No.' As to Thomas Reilly, answer, 'No.' Tenth Question. On November 1, 1898, did plaintiff cause to be served on each of the defendants, and in

the manner stated in the complaint, a written notice and claim for damages, of which Exhibit A, attached to the complaint, is a true copy? Answer (by the court). Yes. Eleventh Question. Has plaintiff's said claim for damages been allowed, either in whole or in part, by said city? Answer (by the court). No. Twelfth Question. If the court shall be of the opinion that plaintiff is entitled to judgment in her favor, at what sum do you assess the damages which she has sustained by reason of her injuries? Answer. Nothing."

Upon this verdict judgment for the defendants was rendered, and the plaintiff appeals.

*E. Blewett,* for the appellant.

For the respondents there were briefs by *J. M. Gooding,* city attorney, for the respondent *City of Fond du Lac,* and by *Reilly, Williams & Reilly,* attorneys, and *D. D. Sutherland,* of counsel, for the respondent *Sullivan,* and oral argument by *Mr. Gooding* and *Mr. M. K. Reilly.*

Winslow, J. The judgment in favor of the city was unquestionably right. This court held in the case of *Devine v. Fond du Lac,* 113 Wis. 61, 88 N. W. 913, following *Henker v. Fond du Lac,* 71 Wis. 616, 38 N. W. 187, that, under the charter of the city, a party suffering injury by reason of a sidewalk being out of repair must exhaust his remedy against the lot owner, as a *condition precedent* to the right to maintain an action against the city. If the fact of the exhaustion of the remedy against the property owner be a condition precedent to the liability of the city, then, upon familiar principles, no cause of action is stated unless the complaint states the fact, and no cause of action is proven unless the fact appear in the evidence or is admitted, and the failure to plead and prove the fact may be taken advantage of at any time. It is not a case of bringing an action prematurely, but of bringing an action before a cause of action exists. It appeared in the present case that no judgment had been ob-

tained against the property owner; hence the action against the city could not be maintained. The plaintiff attempts to avoid the effect of the rule laid down in the *Devine Case* by the argument that the rule only applies to cases of injuries resulting from neglect to repair, and not to cases of original defective construction, and she claims that there was evidence in this case tending to show that the defect in the present case was in the original faulty condition of the walk. Whether there is in fact any difference in the two situations, under the charter provision, seems very doubtful, but the question is not involved here. The present case is one where the defect claimed in the complaint was specifically one of failure to keep in repair. The complaint was never amended, nor any claim made in the trial court in any manner that a recovery was sought on the ground of original faulty construction. It is too late to make the claim in this court for the first time.

As to the property owner, different questions arise. One John E. Sullivan, who is the husband of the defendant *Mattie E. Sullivan,* was sworn, and allowed to testify as a witness against objection, and it is claimed that this is error, on the ground that a husband may not testify for or against his wife, except when he has acted as her agent. The objection is not tenable, because the wife was defending in a representative capacity only. *Strong v. Stevens Point,* 62 Wis. 255, 22 N. W. 425.

It is claimed that the court erred in ruling out a part of the testimony of one Murphy, a witness on the part of the city, called to testify as to the general condition of the walk before and at about the time of the injury. Without stating the numerous rulings in detail, it may be said that the effect of them was simply to exclude statements by the witness as to the condition of the walk at times which he was unable to locate as being anywhere near the time of the injury, and general statements to the effect that its condition was bad.

All the statements of fact which he was able to make, relating to the condition at the time of the injury, were admitted. It is evident that there was no error in the rulings. It is not competent for a witness to state that the condition of a sidewalk was bad. This is a mere conclusion, and invades the province of the jury. It is not a question for experts to settle. Witnesses are to state the facts, and the jury draw the conclusion.

It is also claimed that the court erred because he submitted no question and gave no charge upon the question of the supposed original faulty condition of the walk. As has been before stated in this opinion, no claim was ever made, either in the pleadings or upon the trial, that a recovery was sought on this basis, but the distinct claim of failure to repair was made from beginning to end of the case. It does not suffice to raise a new issue of this kind in the case that some slight testimony incidentally crept in from which original faulty condition might be claimed. If it was desired to litigate this question, the complaint should have been amended, or at least attention should have been called to it in the trial court in some distinct manner, in order that the question might be tried in an orderly manner. Under the circumstances, it cannot be considered that the issue was ever made.

The objection that the verdict is against the clear preponderance of the evidence is also untenable. There was ample evidence to sustain the findings of the jury on the vital questions of the case.

Some exceptions are preserved to the charge on the subject of damages, but, as the findings of fact exculpate the defendants from any liability, the instructions on the subject of damages become immaterial.

*By the Court.*—Judgment affirmed.