# RUSSELL v. SINCOE REALTY COMPANY

Division Two, April 7, 1922.

1. **SNOW AND ICE ON SIDEWALK: Injury to Pedestrian: Liability of Abutting Owner.** An owner of abutting property who has failed to obey a city ordinance requiring him to remove from the sidewalk all ice and snow as they accumulate thereon is not liable in damages to a pedestrian who, while in the exercise of due care, was caused, by ice and snow, to fall on said sidewalk and received serious personal injuries.

2. ———: ———: ———: **Duty of City.** It is the duty of the city to keep its streets and sidewalks in a safe condition for travel, and if for any reason they become out of repair and are rendered dangerous by obstructions, defects, or accumulations of snow or ice, at a time when it had notice of the unsafe condition, it is liable to any person for any injury caused by such defective condition.

3. ———: ———: ———: **Police Regulation: Distinction.** There is a wide distinction between the liability of the owner of abutting property for injury to a pedestrian caused by an accumulation of ice and snow on a sidewalk, which by ordinance he is required to remove, and his liability for injuries caused by an obstruction or unsafe condition in the sidewalk created by his own act. For an injury to another caused by his own act, such as a negligent obstruction or the creation of an unsafe or dangerous condition, he is liable, as also is the city if it permits the condition to continue after reasonable notice; for an injury to a foot traveler on a sidewalk, caused by an accumulation of ice and snow, he is not liable, because the accumulation was not created by him, and to permit it to remain is not his negligence, but the negligence of the city, although an ordinance may require him to remove it. And, the distinction is not destroyed or altered by the fact that the ordinance requirement that he remove the ice and snow may be considered a police regulation, and the creation of a dangerous obstruction may be in violation of a police regulation and therefore the measure of his negligence which creates his liability for injuries to others.

Russell v. Sincoe Realty Company.

Appeal from Jackson Circuit Court.—*Hon. Wm. O. Thomas,* Judge.

AFFIRMED.

*Hogsett & Boyle* for appellant.

(1) The ordinance is a police regulation and a valid exercise of the police power. Kansas City v. Holmes, 202 S. W. 392. (2) A police regulation in the form of a municipal ordinance has the full force and effect of law within the limits of the municipality, and the violation of such an ordinance can be made the basis of a civil action by one injured by reason of such violation. Sluder v. Transit Co., 189 Mo. 107; Ryan v. Kansas City, 232 Mo. 485; Rose v. Gunn Fruit Co., 201 Mo. App. 262; Ward v. Dry Goods Co., 248 Mo. 348; Williamson v. Mullins, 180 S. W. 395. (3) There is no logical or scientific distinction between an ordinance such as the one in the case at bar and those referred to in the foregoing cases. Sluder v. Transit Co. (dissenting opinion of MARSHALL, J.), 189 Mo. 145, 196; 1 Thompson on Negligence, p. 1086, par. 1211. (4) Actions based on similar provisions in city charters have been upheld. Del. L. & W. Railway v. Madden, 241 Fed. 808; Willis v. Parker, 225 N. Y. 159; Devine v. Fond Du Lac, 88 N. W. 913; Carstens v. Fond Du Lac, 119 N. W. 117. (5) Actions based upon the violation of contracts, franchises, municipal ordinances and statutes requiring street railways and railroad companies and the like to keep certain portions of public streets or sidewalks in repair are constantly upheld. Am. Ann. Cases, 1913-C, p. 217 and note; Asmus v. United Rys. Co., 152 Mo. App. 521; Jenree v. Met. St. Ry. Co., 86 Kan. 479. (6) Such ordinances are held to impose a duty for the benefit of every individual whose rights as one of the public may be specially affected. Authorities under Point 5. (7) There is no difference between the duty imposed by such ordinances and the duty imposed by the ordinance in the case at bar. Authorities under Points 1, 2, 3 and 5.

*R. D. Groves* and *Miller, Camack, Winger & Reeder* for respondent.

(1) The ordinance pleaded in the petition did not create any liability for damages as against abutting property owners or occupants. 2 Shearman & Redfield on Negligence, sec. 343; 28 Cyc. 1437; 19 R. C. L. sec. 180, p. 880; 27 Am. & Eng. Ency. Law, p. 156; Norton v. Saint Louis, 97 Mo. 537; City of St. Louis v. Conn. Mut. Life Ins. Co., 107 Mo. 92; Baustian v. Young, 152 Mo. 317; Jackson v. Railroad, 157 Mo. 621; Ford v. Kansas City, 181 Mo. 137; Sluder v. Transit Co., 189 Mo. 107; Benton v. St. Louis, 217 Mo. 687; Hilliard v. Noe, 198 S. W. 435; Van Dyke v. Cincinnati, 1 Disney (Ohio) 532; Kirby v. Market Assn., 14 Gray, 249; City of Hartford v. Talcot, 48 Conn. 525; Heeney v. Sprague, 11 R. I. 456; Moore v. Gadson, 93 N. Y. 12; Taylor v. Railroad, 45 Mich. 74; City of Keokuk v. District of Keokuk, 35 Iowa, 352; Flynn v. Canton Co., 48 Md. 312; Platte C. & M. Co. v. Dowell, 17 Colo. 376; Delaware L. & W. Railway v. Madden, 241 Fed. 808. (2) The ordinance is invalid and void because it is indefinite, uncertain, unreasonable and impossible of performance. Ford v. Kansas City, 181 Mo. 137; 2 McQuillin, Municipal Corporations, sec. 819; Charleston v. Blake, 12 Rich. Law (S. C.) 66; St. Louis v. Heitzberg Packing Co., 141 Mo. 375; City of Windsor v. Bast, 199 S. W. 722; Monett v. Campbell, 204 S. W. 32. (3) The petition also fails to state a cause of action for the reason that the only statement in the petition connecting any liability with the defendant is that the defendant was the owner of Lot 184. 2 McQuillin, Municipal Corporations, sec. 819; Charleston v. Blake, 12 Rich. Law (S. C.) 66.

WHITE, C.—In the Circuit Court of Jackson County a demurrer was sustained to the plaintiff's petition. She declined to plead further, judgment for defendant was accordingly entered, and the plaintiff thereupon appealed to this court.

The action is for personal injuries. The petition states that the defendant corporation was the owner of a certain lot in Kansas City, described; that a sidewalk runs alongside the property and was much frequented by pedestrians, a fact well known to the defendant; that at all the times mentioned in the petition a certain ordinance known as Section 563, Revised Ordinances of Kansas City, was in force and effect, as follows:

"Section 563. *Snow, Etc.—Repairs.* It shall be the duty of all persons owning or occupying any real property fronting upon any street to keep the sidewalk, curbing and guttering in front and alongside of said property and on the same side of the street in good repair and order, and to clean the same, and remove from any such sidewalk, curbing and guttering all ice, snow, earth or other substances that in any wise obstructs or renders the same dangerous, inconvenient or annoying to any person."

It is alleged that on December 10, 1919, plaintiff was walking north on said sidewalk alongside the property described, and while in the exercise of due care for her own safety, "by reason of the ice, snow and sleet which the defendant, its agents, servants and employees, had negligently allowed to accumulate, be and remain on said sidewalk she was caused to fall on said sidewalk and as a direct result thereof she was injured in the manner hereinafter set forth."

The petition then sets out the character of the injuries received by plaintiff and demands judgment for the sum of ten thousand dollars. The defendant demurred on the ground that the petition did not state facts sufficient to constitute a cause of action. The court sustained the demurrer, with result as stated.

I. The plaintiff with commendable directness thus states the issue:

"This case presents the sole proposition whether or not the violation of the ordinance referred to can be made the basis of a civil action for damages by one injured as a direct result of such violation."

The following passage from Shearman & Redfield on Negligence, sec. 343, is quoted with approval by this court in the case of Ford v. Kansas City, 181 Mo. 137, l. c. 147:

"An abutting owner, as such, owes no duty to maintain the street or sidewalk in front of his premises, and is not responsible for any defects therein which are not caused by his own wrongful act. . . . The fact that he violates a city ordinance, which requires abutting owners to remove snow and ice from the sidewalk in front of their premises within a certain time after their accumulation, does not render him liable to one injured by falling upon such snow and ice, nor to the city which had suffered judgment for the same injury."

The passage quoted states the law as determined by this court in numerous cases: Norton v. St. Louis, 97 Mo. 537; St. Louis v. Conn. Mut. Life Ins. Co., 107 Mo. 92; Baustian v. Young, 152 Mo. 317; Hilliard v. Noe, 198 S. W. l. c. 436; 19 R. C. L. sec. 180, p. 880.

A city is under obligation to keep its streets and sidewalks in safe condition for travel, and if for any reason they become out of repair and are rendered dangerous by obstruction, defects, or accumulations of snow and ice, the city, where it has had notice of the condition, is liable to any person for injury caused by such condition. The appellant concedes the rule just mentioned frequently has been recognized and applied by this court, but earnestly insists that where the owner of adjacent property is affected by an ordinance, such as the one pleaded, he also is liable for injuries caused by his failure to obey such ordinance. The argument runs this way: In the exercise of certain police powers a municipality has authority to pass ordinances regulating the conduct of individuals. An ordinance requiring a property owner to remove snow and ice from the sidewalk adjacent to his premises, like an ordinance forbidding an obstruction in the street or sidewalk, or regulating the speed of vehicles on the street, is a proper exercise of police power. It has been held in several cases that a

speed ordinance, an ordinance requiring an owner who is erecting a building adjacent to a sidewalk to cover the sidewalk for the protection of pedestrians, are ordinances passed in the exercise of police power possessed by a municipality. Violation of such an ordinance which results in injury renders the person violating it liable in damages to the person injured. Now, since the ordinance requiring the removal of snow and ice from the sidewalk in front of an owner's premises is a police regulation, a failure to obey the ordinance which results in injury to a pedestrian passing on the sidewalk renders the owner of the property liable. The argument is presented with clearness and force and illustrated by the citation of many authorities.

It proceeds, however, upon the theory that the only distinction between an ordinance, the violation of which would render the violator liable to one injured by it, and one on which there would be no liability is that the first is a police regulation and the other is not. In other words, every one who violates a police regulation, by which violation an injury ensues, incurs liability *because* it is a police regulation violated.

It will be noticed in the passage quoted from Shearman & Redfield that an abutting property owner is not responsible for a defect in a sidewalk unless it is caused by his own wrongful act. If one places an obstruction on a sidewalk and another is injured by it, the injury is caused by his wrongful act. If an ordinance provides the manner in which he must prevent injury by reason of such obstruction a violation of the ordinance is negligence and may render him liable. If snow and ice accumulate upon the sidewalk, it is the duty of the city, not his duty, to remove it; he has no agency in creating the obstruction or causing the injury which may ensue. In that case he is not liable and the city cannot make him so by ordinance. The general principle announced in the Ford Case, supra, was cited approvingly in Kansas City v. Holmes, 274 Mo. l. c. 168, where it was held that a city may compel a citizen to keep his sidewalk free from ob-

struction, from snow, etc., at his own expense, and which quotes from the Ford Case without dissenting from the doctrine from Shearman & Redfield quoted as above set out on the same page. In the case of Hilliard v. Noe, 198 S. W. 435, l. c. 436, the Springfield Court of Appeals, in an opinion by STURGIS, J., called attention to the same distinction by pointing out how it is generally held that the city, and not the lot owner, is liable for failure to keep a sidewalk free from snow and ice. But where the owner by any negligent or wrongful act causes an unsafe condition he is liable for any injury resulting from that condition.

The case of Sluder v. Transit Company, 189 Mo. 107, was an action for damages caused by a collision on account of defendant's failure, as claimed, to observe a vigilant watch ordinance. The court said, l. c. 132, in speaking of speed ordinances: "Such regulation is based upon the obvious necessity of compelling *those who use powerful and dangerous agencies* on the public thoroughfares to be careful that they do not injure others who have an equal right to the use of the highway."

The case of Ward v. Dry Goods Co., 248 Mo. 348, is where a person was injured by a crowbar falling upon him while he was passing upon the sidewalk adjacent to a building in process of construction. There was an ordinance requiring the construction of a roof over the sidewalk to protect passers-by from anything that might fall from a building in process of erection. The court held that the crowbar was not caused to fall by the negligence of any workman, but that the owner of the building (l. c. 370) who had let the contract to an independent contractor was liable for the injury, because of its failure to provide for a roof over the sidewalk. It was liable because it had an agency in creating a dangerous condition which occasioned the injury.

In Ryan v. Kansas City, 232 Mo. 471, the action was based on the violation of ordinances forbidding the placing of obstructions and rubbish in the street during the night time. It was held that proof of the failure to com-

ply with the ordinance made out a prima-facie case of negligence; that, of course, is where the active agency of the defendant caused the dangerous condition.

In 5 L. R. A. (N. S.) in the case of Shellaberger v. Fisher, an elaborate footnote at page 262 et seq. reviews cases which show the distinction between a regulation the purpose of which is to prevent injury by one's negligent act and an ordinance which merely places certain burdens upon a citizen to perform duties which the city owes the public. In it, it is said at page 262, after considering the ordinance regulating the use of dangerous instrumentalities: "A radically different kind of municipal ordinance is one which commands private persons to perform public duties, who so fails to obey such an ordinance incurs a liability to the public authorities, but to them alone. . . . The most common ordinance of this kind is one requiring abutting owners to keep the adjacent sidewalks clear of snow and ice."

The same note lays down this principle, gathered from some of the cases cited, p. 264: "One who does nothing injurious to others which he is by law forbidden to do, but simply leaves undone something beneficial to others which he is under no obligation at common law to do, cannot be made to answer in damages to a private individual suffering an injury which would have been escaped had the thing been done, merely because a municipal ordinance has commanded the doing of it."

In every case cited where a defendant has been held liable to an individual injured by violation of an ordinance, the ordinance defines his duty with respect to some obligation which he already owed the public or the party injured. For instance, at common law one driving over the street is under obligation to regulate his speed and observe care. An ordinance providing a speed limit merely fixes a uniform standard of care for all drivers. One erecting a building adjacent to a sidewalk is under obligation at common law to use care that none of the building material or implements shall fall upon a person passing upon the walk. He creates a dangerous condition, and an ordinance providing for a roof over the

sidewalk merely defines the degree of care which he must exercise. He is liable in any event if he is negligent. No negligence is attributable to a person for allowing snow and ice to accumulate and remain upon a sidewalk. The negligence is that of the city, and the city cannot saddle that obligation upon the property owner.

It does not matter whether you call an ordinance of that kind a police regulation or not. It is not the name you apply to the regulation nor the power exercised in ordaining it, but the relation of the regulation to the duty of the person affected, which determines liability. It is a rule universally recognized that one is forbidden to create a dangerous condition in a thoroughfare where other persons might be injured by reason of it. A statute or an ordinance regulating one's conduct in such matters merely defines the care which shall be exercised to prevent injury by reason of his active, positive agency. While the city may compel a citizen to remove snow and ice and make a sidewalk safe, he obeys the requirements as an instrument of the city, not as his primary duty. His failure to do it would be the failure of the city.

The demurrer to the petition was properly sustained and the judgment is affirmed. *Reeves, C.,* concurs; *Railey, C.,* not sitting.

PER CURIAM:—The foregoing opinion by WHITE, C., is adopted as the opinion of the court. All of the judges concur.