[Civ. No. 12579.   First Dist., Div. One.   Mar. 18, 1944.]

FLORENCE SCHAEFER, Appellant, v. J. W. LENAHAN, Respondent.

George K. Ford and Simpson Finnell, Jr., for Appellant.

Hadsell, Sweet, Ingalls & Carroll for Plaintiff.

PETERS, P. J.—Plaintiff brought this action to recover damages for injuries alleged to have been received by her when she fell as a result of stepping into a hole in the sidewalk abutting the real property owned, at the time of the accident, by J. W. Lenahan. She named as defendants the city and county of San Francisco, E. J., Mary J. and Thomas J. Burns, the former owners of the property, and J. W. Lenahan. The latter's demurrer was sustained without leave to amend. From the judgment entered in favor of Lenahan, the plaintiff appeals.

So far as pertinent here, the complaint alleges that on and prior to September 27, 1937, the date of the accident, the city and county of San Francisco negligently permitted a defective and dangerous condition to exist in the sidewalk

in front of the premises owned on that date by Lenahan, and that the Superintendent of Streets of the City and County of San Francisco duly notified Lenahan to repair the sidewalk; that Lenahan failed and refused to repair the sidewalk after receipt of said notice. There is no allegation that Lenahan caused the defect in the sidewalk.

The sole question presented on this appeal is whether or not the owner of premises abutting on a public street is liable to travelers for injuries occurring on the sidewalk fronting the premises, where such injuries are caused by defects in the sidewalk of which the owner has notice.

The general rule is that, in the absence of statute, there is no common law duty resting upon the owner or occupant of premises abutting on a public street to keep the sidewalk in repair. Consequently, in the absence of statute, it is well settled that such an abutting owner or occupant is not liable to travelers injured as a result of defects in the sidewalk, which defects were not created by the owner or occupant. (*Eustace* v. *Jahns*, 38 Cal. 3; *Martinovich* v. *Wooley*, 128 Cal. 141 [60 P. 760]; *Bolles* v. *Hilton & Paley, Inc.*, 119 Cal.App. 126 [6 P.2d 335]; *Black* v. *Southern Pac. Co.*, 124 Cal.App. 321 [12 P.2d 981].)

Appellant concedes that the occupant or owner of such premises owes no such duty to persons using the sidewalk, in the absence of statute. It is her contention, however, that a 1935 amendment to the Improvement Act of 1911 (Stats. of 1911, p. 730; Deering's Gen. Laws, 1937, Act 8199) creates a statutory duty to repair on the part of the owner, and that violation of such duty gives rise to a cause of action against such owner in favor of travelers injured on such sidewalks. The amendment in question is to section 31 of the Improvement Act of 1911 (Stats. of 1935, p. 2148). So far as pertinent here, it provides: "It shall be the duty of the owners of lots or portions of lots fronting on any portion of a public street . . . to maintain any sidewalk . . . in such condition that the same shall not endanger persons or property and to maintain the same in a condition which will not interfere with the public convenience in the use of said works or areas. . . . When any portion of such sidewalk . . . shall be out of repair or pending reconstruction and in condition to endanger persons or property or in condition to interfere with the public convenience in the use of such sidewalk . . . it shall be the duty of the superintendent of streets to notify

the ·owner or person in possession of the property fronting on that portion of such sidewalk . . . so out of repair, to repair the same.''

The section goes on to provide that the superintendent of streets shall prepare a notice to repair which will be mailed to the property owner and a copy thereof posted on the premises. If within three days after notice is given, the property owner does not make the required repairs, the superintendent shall do so. After the superintendent makes the repairs, he shall prepare a notice of cost of repairs which is given in the same manner as the notice to repair. This notice specifies the day, hour, and place when the legislative body of such city will hear and pass upon a report by the superintendent of streets of the cost of such repairs, together with any objections or protests, if any, which may be raised by the property owner. The legislative body hears the report and makes any revision or modification it considers just. Thus the statute sets up a procedure whereby property owners may be assessed for the cost of repairs.

It is the theory of appellant that this statute not only imposes a duty upon the property owner to pay for repairs, but also creates a duty in favor of travelers on the sidewalk, and makes the property owner liable to such travelers for injuries received because of the defective condition of the sidewalk. This interpretation of the statute is not sound. The primary duty to keep sidewalks in repair is on the city. The statute above quoted merely provides a statutory method by which the city may collect the cost of repairs from the property owner. The statute creates a duty on the part of the property owner to keep the sidewalks in repair— but that duty is owed to the city, not to the traveler on the sidewalk. The extent of the liability created is to pay for the repairs, not to pay damages to an individual, nor to reimburse the city if it is compelled to pay such damages.

Statutes similar to the one here involved have been passed by many states. In interpreting such statutes, the overwhelming weight of authority is to the effect that a statute which requires abutting owners to maintain and repair sidewalks adjoining their premises, such work to be done by the municipality at the expense of the abutting owners in case of their failure to construct or repair, does not impose liability upon such owners, either to travelers or to the city, for injuries

incurred by reason of the defective sidewalk. (*Russell* v. *Sincoe Realty Co.*, 293 Mo. 428 [240 S.W. 147]; *Dixon* v. *Missouri Pac. Ry. Co.*, 104 Kan. 404 [179 P. 548]; *City of Ashland* v. *Vansant Kitchen Lumber Co.*, 213 Ky. 518 [281 S.W. 503]; *McCarthy* v. *Adams*, 42 Ohio App. 455 [182 N.E. 324]; *City of Rochester* v. *Campbell*, 123 N.Y. 405 [25 N.E. 937, 20 Am.St.Rep. 760, 10 L.R.A. 393]; *City of Keokuk* v. *Ind. Dist. of Keokuk*, 53 Iowa 352 [5 N.W. 503, 36 Am.St.Rep. 226]; *Webster* v. *Chesapeake & O. Ry. Co.*, 32 Ky.L.Rep. 404 [105 S.W. 945]; *Betz* v. *Limongi*, 46 La. Ann. 1113 [15 So. 385, 49 Am.St.Rep. 344]; *Rupp* v. *Burgess*, 70 N.J.L. 7 [56 A. 166]; *Toutloff* v. *City of Green Bay*, 91 Wis. 490 [65 N.W. 168]; *Cooper* v. *Village of Waterloo*, 88 Wis. 433 [60 N.W. 714]; *Breen* v. *Johnson Bros. Drug Co.*, 297 Mo. 176 [248 S.W. 970]; *McEvoy* v. *City of New York*, 266 App.Div. 445 [42 N.Y.S.2d 746]; *Abar* v. *Ramsey Motor Service*, 195 Minn. 597 [263 N.W. 917]; *McGurk* v. *City of Shreveport* (La.App.) 191 So. 553; *Henrichs* v. *New Orleans Public Service* (La.App.) 192 So. 383; *City of Birmingham* v. *Wood*, 240 Ala. 138 [197 So. 885]; *Willoughby* v. *City of New Haven*, 123 Conn. 446 [197 A. 85]; *Ouelette* v. *Miller*, 134 Me. 162 [183 A. 341]; see, also, *Eustace* v. *Jahns*, 38 Cal. 3; *Martinovich* v. *Wooley*, 128 Cal. 141 [60 P. 760]; see annotations 41 A.L.R. 212; 93 A.L.R. 799.)

Many of these cases involved statutes as broad or broader than the one here involved. The following cases are typical. The New York Court of Appeals' decision in *City of Rochester* v. *Campbell, supra,* is frequently referred to as a leading case on the subject. The facts in that case are quite similar to those in the instant case, the only difference being that in the Campbell case the plaintiff had recovered from the city, and the city was seeking to recoup its loss from the defendant property owner. The city ordinance provided that "it shall in all cases be the duty of the owner of every lot or piece of land in said city to keep the sidewalks adjoining his lot or piece of land in good repair, and also to remove and clear away all snow and ice or other obstruction from such sidewalk." It was further provided that "the superintendent of streets shall have the power to repair any sidewalk, when the owner of the property shall neglect to repair the same for five days after written notice so to do has been served on him;" and "the street superintendent shall also have the power to collect the expense of any such work or

repair from the owner of the property." (25 N.E. p. 937.) The plaintiff stepped in a hole in the sidewalk and was injured.

The court held (p. 939): "There is nothing in this statute showing that the duty of repairs was imposed upon the lot-owners for the benefit of the public generally, or any particular class of individuals. On the contrary it is quite obvious that neither the public nor individuals needed its benefits. They were already sufficiently secured in the right to have passable and safe highways, through the obligations of the charter requiring them to be furnished by the municipality, and abundant indemnity was provided for any damages that might be sustained from defective streets through the common-law liability of the corporation therefor. . . . The statute clearly points out the liability which is incurred by the lot-owners for a neglect to make repairs, and gives the street superintendent an action to recover the damages suffered by the municipality from such cause. This, evidently, affords a full indemnity to the city for any neglect of the lot-owners, and ample means to discharge its duty to make repairs. It seems entirely unreasonable to suppose that the act was intended to impose the same duty upon two independent bodies. The obligation of the municipality to make such repairs is unconditional and unquestioned. It is not only charged with the duty of keeping the streets in repair, and regulating the uses and purposes to which they may be devoted, but it has the power to permit temporary obstructions and erections to be made in them, and to make excavations, authorize disruptions, and grant permanent appropriation of rights under the streets to individuals and corporations desiring to occupy them for public purposes. It cannot be supposed that the Legislature intended to impose an absolute duty to repair upon an individual who could not exercise it except under the control of another."

In *Dixon* v. *Missouri Pac. Ry. Co.*, *supra*, a city ordinance of Kiowa, Kansas, was construed. It provided, in part: "That when any sidewalk heretofore built in this city, or hereafter to be built, whether in pursuance of an ordinance of the city or not, shall become sufficiently out of repair to be dangerous to pedestrians, the same shall be immediately repaired by the owner of the adjacent and abutting property. . . ." (179 P. p. 549.) The ordinance then provides

that the city is empowered to make repairs if the owner does not do so. The court held that the property owner incurred no liability to individuals injured on a defective sidewalk. The reasons given were that no such penalty was attached to the statute, and that the majority rule was against liability.

*Russell* v. *Sincoe Realty Co., supra,* presents the Missouri point of view. A Kansas City ordinance provided: "It shall be the duty of all persons owning or occupying any real property fronting upon any street to keep the sidewalk, curbing and guttering in front and alongside of said property and on the same side of the street in good repair and order, and to clean the same, and remove from any such sidewalk, curbing and guttering all ice, snow, earth or other substance that in any wise obstructs or renders the same dangerous, inconvenient or annoying to any person." (240 S.W. p. 147.) The court held that the statute created no liability to an individual injured, saying (p. 149): "While the city may compel a citizen to remove snow and ice and make a sidewalk safe, he obeys the requirements as an instrument of the city, not as his primary duty. His failure to do it would be the failure of the city."

There are a few cases which establish a contrary rule. Pennsylvania, contrary to the common law rule in force in this state, holds that, regardless of statute, the primary duty to keep sidewalks in repair rests upon the owner or occupant. Consequently, the property owner or occupant is liable to travelers injured because of failure to repair, and if such injured traveler recovers from the city, the property owner or occupant is liable to the city. (*Vinnacombe* v. *City of Philadelphia,* 297 Pa. 564 [147 A. 826]; *Mintzer* v. *Hogg (Greenough)* 192 Pa. 137 [43 A. 465]; *Borough of Brookville* v. *Arthurs,* 152 Pa. 334 [25 A. 551]; *City of Philadelphia* v. *Reading Co.,* 295 Pa. 183 [145 A. 65]; *City of Philadelphia* v. *Merchant & Evans Co.,* 296 Pa. 126 [145 A. 706]; *Bruder* v. *City of Philadelphia,* 302 Pa. 378 [153 A. 725]; *Clifford* v. *City of Philadelphia,* 104 Pa. 338 [159 A. 232].)

Some states have statutes expressly making the owner or occupant liable to travelers for injuries occasioned by reason of the defective condition of sidewalks. Under such statutes, of course, abutting owners are liable to travelers for injuries caused by failure to repair. In these cases, however, the statutes not only impose the duty to repair, but expressly

provide that such duty is owed to travelers on the sidewalk. (*Madden* v. *Delaware, L. & W. R. Co.*, 234 F. 731, aff. in 241 F. 808 [154 C.C.A. 510]; *City of Detroit* v. *Chaffee*, 70 Mich. 80 [37 N.W. 882]; *City of Lincoln* v. *Janesch*, 63 Neb. 707 [89 N.W. 280, 56 L.R.A. 762]; *Willis* v. *Parker*, 225 N.Y. 159 [121 N.E. 810]; *Morton* v. *Smith*, 48 Wis. 265 [4 N.W. 330, 33 Am.St.Rep. 811]; *Henker* v. *City of Fond du Lac*, 71 Wis. 616 [38 N.W. 187]; *Devine* v. *City of Fond du Lac*, 113 Wis. 61 [88 N.W. 913].)

There is no case directly in point in California. In *Martinovich* v. *Wooley*, 128 Cal. 141 [60 P. 760], the statute expressly imposed a liability against the owner and in favor of travelers if the owner failed to repair after being given notice to repair. It was held that where no notice had been given, liability did not exist. In *Eustace* v. *Jahns*, 38 Cal. 3, the same problem was considered at some length. In that case it was held that no liability attached to the property owner under a statute expressly providing for such liability in favor of travelers on the sidewalk, in the absence of notice. At page 19 the court stated: ''These streets and public highways are public property, opened, constructed, controlled, improved and repaired, for public use and benefit, by the city and county government, and no private individual possesses any exclusive right to occupy, use or control any portion thereof, by reason of his ownership or occupancy of adjacent lots and premises, by virtue of any statute of the State, and we are unable to comprehend by what process of ratiocination the duty to repair a public street or highway is devolved upon an individual from the fact that he is liable to be notified by the Superintendent of Streets to make specific repairs, or owns or occupies a lot liable to be assessed to defray the expenses of repairs, when made by another at the instance of the Superintendent.''

Both cases imply that, had notice been given to repair, liability might attach under the statutes there involved. In the instant case notice to the property owner is alleged. But in the two cases cited the statutes expressly provided for liability to travelers on the part of the property owner after notice to repair. The present statute contains no such provision. It was not passed for the purpose of transferring the primary duty to repair sidewalks to the property owners, and to relieve the city of that primary duty and responsibil-

ity.   The obvious purpose of the statute was to provide a means of reimbursing the city for the cost of the repairs. To impose a wholly new duty upon the property owner in favor of third persons would require clear and unambiguous language.   The present statute, even by implication, creates no such liability.   For the many reasons set forth in the cases referred to above it must be held that the complaint herein fails to state a cause of action against respondent Lenahan.

The judgment appealed from is affirmed.

Knight, J., and Ward, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 11, 1944.